# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hermon Shead,<br><br>            Plaintiff,<br><br>   v.<br><br>C/O Vong, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-CV-00006-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**<u>Screening Order</u>**

**I.**    **<u>Screening Requirement</u>**

Plaintiff Hermon Shead ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action January 5, 2009. A previous lawsuit arising from the same incident was dismissed June 26, 2007, for Plaintiff's failure to exhaust prison appeals.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claim

### A.     Summary of Complaint

Plaintiff was injured when he experienced a diabetic seizure at the Pleasant Valley State Prison (PVSP), Coalinga, California, where Plaintiff is currently housed. Plaintiff seeks a declaratory judgment and money damages for violations of his rights under the First and Eighth Amendments to the United States Constitution. Plaintiff names as defendants Correctional Officer Vong, Sgt. Fogle, and Sgt. M. Bradford,[1] all of whom are employed at PVSP, and P.D.

---

[1] Bradford's name is included within the body of Plaintiff's Complaint but is omitted from the caption.

Vera, an appeals examiner for the California Department of Corrections and Rehabilitation (CDCR).

On July 3, 2007, Plaintiff, a diabetic, experienced a severe hypoglycemic seizure as a result of low blood sugar. In the course of the seizure, Plaintiff became unconscious, incurred lip and mouth injuries requiring stitches, and lost his front teeth. Plaintiff continues to suffer head pain, which he attributes to his injuries. Plaintiff alleges that his injuries were caused when C/O Vong struck him in the face with a billy club and that Sgt. Fogle, Sgt. Bradford, and appeals examiner Vera conspired to cover up Vong's misconduct in retaliation for Plaintiff's filing a complaint against Vong.

**B.    Eighth Amendment Claim: Excessive Use of Force.**

Plaintiff contends that Vong's striking him in the face with a billy club while Plaintiff was suffering a diabetic seizure was an excessive use of force, particularly in light of the presence of medical personnel, Plaintiff's apparent medical condition, and Vong's knowledge of Plaintiff's diabetes.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. *(internal quotation marks and citations omitted)*. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; *see also* Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (*internal quotation*

*marks and citations omitted*). This test is appropriately applied when the allegations of excessive force arise from the defendant's attempts to subdue an inmate to enable administration of necessary medical treatment. Romano v. Howarth, 998 F.2d 101, 104 (2d. Cir. 1993).

Under federal notice pleading standards, Plaintiff's allegations are sufficient to state a claim against defendant Vong. Fed. R. Civ. P. 8(a); Swierkiewicz, *supra*, 534 U.S. at 512-15; Austin, *supra*, 367 F.3d at 1171; Jackson, *supra*, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

**C.      First Amendment Claim: Retaliation**

Plaintiff contends that, in retaliation for Plaintiff's exercise of his First and Eighth Amendment rights to file a prison grievance, Defendants Fogle, Bradford and Vera conspired to maintain silence and cover up Vong's excessive use of force on Plaintiff during Plaintiff's diabetic seizure through false accounts of the circumstances in which Plaintiff was injured and the suppression of the statements of prisoners who witnessed the incident. According to Plaintiff, these defendants' actions had a chilling effect on the use of the grievance system.

Plaintiff alleges no facts supporting his allegations that Defendants Fogle, Bradford and Vera conspired to falsify or withhold evidence or that they did falsify or withhold evidence. Plaintiff's conclusory allegations rest solely on the failure of the grievance procedure to reach a conclusion favorable to Plaintiff. Nothing in Plaintiff's allegations supports his assertions that the conspiracy or falsification or withholding of evidence was motivated by the defendants' desire to retaliate against Plaintiff for his filing of a grievance in this matter.

Characterizing Plaintiff's disappointment in the outcome of the grievance process as retaliation is like forcing a square peg into a round hole. The conduct of the grievance hearings simply does not fit within the confines of a retaliation claim. Plaintiff's claim more appropriately fits the category of due process, but Plaintiff's allegations are not sufficient to state a due process claim either.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

which the protection is sought. "[S]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state laws are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), *quoting* Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). *See also* Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), *cert. denied sub nom*, McEnroe v. Ramirez, 541 U.S. 1063 (2004) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)(existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988) (no claim of entitlement to grievance procedure). Accordingly, grievance procedures do not create any liberty interest protected by the Fourteenth Amendment Due Process Clause. Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. 1986); Azeez, *supra*, 568 F. Supp. at 10. In a grievance proceeding, a prisoner is not entitled to an opportunity to present witnesses. Jordan v. Veal, __ F.3d ___, 2009 WL 607414 (E.D. Cal. March 9, 2009), *quoting* Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), *cert. denied, 481 U.S. 1069 (1987), abrogated in part on other grounds by* Sandin, *supra*, 515 U.S. 472.

Nor can liability in a §1983 action be based on the actions of prison personnel in reviewing a prisoner's administrative appeal. Buckley, *supra*, 997 F.2d at 495. Assuming that Plaintiff's underlying complaint, the alleged beating by Vong, gives rise to a Constitutional violation, a hearing officer or other person does not also violate the Constitution by failing to acknowledge and cure it. "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). *See also* Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) (complaint examiners who process and

investigate plaintiffs' grievances not liable); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999) (supervisors who negligently fail to detect and prevent misconduct not constitutionally liable); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997) (individual only liable if he caused or participated in constitutional violation).

Plaintiff's contention that the outcome of the grievance process resulted from a conspiracy between Defendants Fogle, Bradford, and Vera does not save his claim. A conspiracy claim brought under §1983 requires proof of "'an agreement or 'meeting of the minds' to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), *quoting* United Steel Workers of Amer. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.), *cert. denied*, 493 U.S. 809 (1989) (*citation omitted*), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy." Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006), *quoting* Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, *supra*, 312 F.3d at 441, *quoting* United Steel Workers, *supra*, 865 F.2d at 1541. Plaintiff alleges nothing that tends to support the existence of the alleged conspiracy other than the unfavorable outcome of the grievance procedure.

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith*, supra, 307* F.3d at 1126. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (*internal quotation marks and citations omitted*). A bare allegation that defendants conspired to violate Plaintiff's constitutional rights is not sufficient to establish a conspiracy claim under §1983. Accordingly, because Plaintiff has not established a claim for violation of due process or conspiracy arising from the prison grievance procedure, his second

claim does not state a cause of action.

**D.** **Supplemental State Claims**

In his Third Claim for Relief, Plaintiff re-alleges the factual bases for his first two claims, contending that they also constitute violations of the California Constitution, statutes and regulations.

Section 1983 does not provide a cause of action for violations of state law. *See* Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3410 (U.S. January 17, 2008) (No. 07-958); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981). *See also* Draper v. Coombs, 792 F.2d 915, 921 (9th Cir. 1986); Weilburg v. Shapiro, 488 F.3d 1202, 1207 (9th Cir. 2007). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers, *supra*, 383 U.S. at 726.

Accordingly, because Plaintiff has alleged a cause of action for excessive force, this court may exercise supplemental jurisdiction over Plaintiff's state claims relating to Vong's alleged use of excessive force. Plaintiff alleges that, in beating Plaintiff, Vong 'breached his affirmative duty by using unnecessary force when Plaintiff was no threat to him, and also failed to exercise due care in violation of CCR Title 15, Sec. 3286(b) and CC sec. 43 & Article I sec. 17 of the Cal.

Const.  See also Govn't Code 815.6 and 820.4."

Nonetheless, most of Plaintiff's state claims do not offer relief.  No private cause of action exists for damages under California Constitution, Art. I §17 (the cruel and unusual punishment clause).  Giraldo v. California Dept. of Corr. and Rehab., 85 Cal.Rptr.3d 371, 389-90(Cal. Ct. App. 2008).  Because Cal. Gov't Code §815.6 applies solely to governmental entities, none of which is named as a defendant in this case, §815.6 does not provide relief in this case. *See* Davis v. Kissinger, 2009 WL 256574, n. 4 (E.D.Cal. February 3, 2009), *report & recommendation adopted*, 2009WL647350 (E.D.Cal. March 10, 2009).  Similarly, no independent cause of action exists for actions pursuant to the California Code of Regulations, such as Plaintiff's claims under Cal. Code Regs. tit. 15, §23268(b).  Ibid.

Cal. Civil Code §43 sets forth a statement of general personal rights and creates a statutory rubric from which personal tort actions spring.  To establish a claim of assault and battery on a public official, a plaintiff must establish that (1) the defendant touched the plaintiff, intending to harm him, (2) that the plaintiff did not consent to be touched, (3) that the plaintiff was injured by the defendant's touch, and (4) that the officer used excessive force.  Boyd v. City of Oakland, 458 F.Supp.2d 1015, 1051-52 (N.D. Cal. 2006); Edson v. City of Anaheim, 74 Cal.Rptr.2d 614, 616 (Cal. Ct. App. 1998).  As with the policeman in Edson, whether a corrections officer used excessive force must be viewed in the context of his job responsibilities, including the requirement that he use force as part of his duty and the necessity that the officer must retain control and make "split-second judgments."  Ibid.

Since a corrections officer is a state employee, any tort action against him must proceed pursuant to the California Tort Claims Act (Cal. Gov't Code §810 *et seq.*).  Provided that he has satisfied all requirements precedent to an action under the Act,` Plaintiff's claims under Cal. Gov't Code §820.4 are cognizable by this court under its supplementary jurisdiction.  Section 820.4 generally provides discretionary immunity to public employees exercising due care in the execution or enforcement of any law, but it does not "exonerate a public employee from liability for false arrest or false imprisonment."  Nor is immunity available if a police officer used unreasonable force.  Scruggs v. Haynes, 60 Cal.Rptr.2d 355, 362 (Cal. Ct. App. 1967).  Whether

the public employee acted with due care is a question of material fact. <u>Ogborn v. City of Lancaster</u>, 124 Cal.Rptr.2d 238, 248 (Cal. Ct. App. 2002). Accordingly, Plaintiff may pursue claims under the California Tort Claims Act if he amends this count to include allegations indicating that he has satisfied all requirements, including notice requirements, necessary to bring an action under it.

None of Plaintiff's state claims against Defendants Fogel, Bradford and Vera can be brought within the federal court's supplementary jurisdiction. "Retaliation" and "malfeasance" are not legally cognizable torts. No possible interpretation of the conspiracy and retaliation facts that Plaintiff alleges constitute a tort that falls within the exceptions to Cal. Gov't Code §820.4: false arrest, false imprisonment, or the use of excessive force. Only against Vong has Plaintiff alleged a cause of action under California law over which this court may exercise its supplemental jurisdiction.

### E.  Claim for Declaratory Relief

In addition to money damages, Plaintiff seeks a declaratory judgment. "A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." <u>Feldman v. Bomar</u>, 518 F.3d 637, 642 (9th Cir. 2008) (*quoting* <u>Headwaters, Inc., v. Bureau of Land Mgmt., Medford Dist.</u>, 893 F.2d 1012, 1015 (9th Cir. 1989) (*internal quotations and citation omitted*)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. State of Wash.</u>, 759 F.2d 1353, 1357 (9th Cir.), *cert. denied*, 474 U.S. 994 (1985) (*citations omitted*).

In this instance, Plaintiff has an adequate remedy at law. Should Plaintiff file an amended complaint and thereafter prevail on his claims, he is entitled to money damages. A declaratory judgment would serve no useful purpose and would not terminate the proceedings. Therefore, this action should proceed as one for damages only.

### F.  Appointment of Counsel

Plaintiff requests appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. U. S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part, on other grounds*, 154 F.3d 952 (1998), *cert. denied*, 527 U.S. 1035 (1999). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. *See* Rand, *supra*, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be, and is hereby ordered to be, denied.

### H. Official Capacity Damages Under Section 1983

Plaintiff alleges that he is seeking to impose liability on Defendants in their individual and official capacities. While Plaintiff may seek damages against Defendants in their personal capacities, his official claims are precluded by the Eleventh Amendment, which "bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 11457 (9th Cir.), *cert. denied*, ___ U.S. ___, 128 S.Ct. 441 (2007) (*citations omitted*); *see also* Hydrick, *supra*, 500 F.3d at 986-87. Accordingly, Plaintiff's official capacity damages claim fails as a matter of law.

### III. Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendant Vong for use of excessive force in the course of subduing Plaintiff during his diabetic seizure. Provided that Plaintiff amends his complaint to allege facts establishing his compliance with the procedural prerequisites for maintaining an action under the California Tort Claims law, this court may exercise supplemental jurisdiction on that claim as well. As alleged by Plaintiff, Plaintiff's federal and state claims against the remaining three defendants, Fogel, Bradford and Vera, are not

10

cognizable before this court.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, *supra*, 507 F.3d at 607 (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his federal claim against Vong, Plaintiff may so notify the court in writing, and the court will issue a recommendation for dismissal from this action of Plaintiff's second and third claims. The court will then forward to Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, *supra*, 814 F.2d at 567; *accord* Forsyth, *supra*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Vong on his Eighth Amendment excessive force claim;
3. Plaintiff's motion for appointment of counsel is denied; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure

11

to obey a court order.

IT IS SO ORDERED.

**Dated:   April 6, 2009**                                      /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE

12