# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>VANG, et al., <br><br>　　　　　　Defendants. <br>_____/ | CASE NO. 1:09-cv-00006-OWW-SMS PC <br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM AND REQUIRING PLAINTIFF TO FURNISH FURTHER INFORMATION FOR INITIATION OF SERVICE OF PROCESS <br><br>(Docs. 22 and 23) |

　　　　Plaintiff Herman D. Shead ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Complaint, filed January 5, 2009, against Defendants Vang for violation of Plaintiff's rights under the Eighth Amendment. Because Plaintiff is proceeding in forma pauperis, the Court must appoint the United States Marshal to serve each Defendant with a summons and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the Marshal cannot locate and serve Defendant Vang without identifying information beyond just a surname, as apparently there are more than one CDCR officer bearing the surname Vang.

　　　　Plaintiff has filed an ex parte motion for issuance of a subpoena deuces tecum on a non-party and a request for production of documents to be served on Warden Yates. The discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph eight of the court's First Informational Order, filed November 10, 2009. In that order, Plaintiff was specifically informed that he may not conduct discovery until Defendants file an answer and the court issues the discovery order. Plaintiff's request for issuance of a subpoena deuces tecum on a non-party and a request for production of documents to

1  be served on Warden Yates, both of which are construed as requests to open discovery, are premature.

2  Within thirty days from the date of service of this order, Plaintiff shall provide the court with further information to assist the Marshal in serving Defendant Vang as there are apparently more than one prison employee with the surname "Vang." If Plaintiff can remember any details that might assist the Court and the Marshal, Plaintiff shall so inform the court. For example, what title and/or rank was Defendant Vang? What area of the prison did Defendant Vang work on the date(s) in question? What hours did Defendant Vang work on the date(s) in question? Can Plaintiff recall any physical attributes of Defendant Vang, such as age, gender, hair color, eye color, height, weight, scars, glasses, and the like? Does Plaintiff remember anything that might differentiate Defendant Vang from other officers who bear that same name? If Plaintiff has any forms bearing Defendant Vang's signature he should submit copies with his response as they might assist prison officials in pinpointing Defendant Vang from his actions and/or job duties on a certain date. The U.S. Marshall will subsequently be given the information provided by Plaintiff and directed to re-attempt service on Defendant Vang by contacting the Legal Affairs Division of CDCR to obtain the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in locating Defendant Vang.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for issuance of a subpoena deuces tecum on a non-party and a request for production of documents to be served on Warden Yates are DENIED as premature; and within thirty (30) days from the date of service of this order, Plaintiff shall provide the court with any and all information he has that might help the Marshal identify and serve Defendant Vang.

IT IS SO ORDERED.

**Dated:    May 4, 2010**                            **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE

2