# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD, | CASE NO. 1:09-cv-00006-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | (Doc. 37) |
| C/O VANG, | |
| Defendant. | |

This civil rights action pursuant to 42 U.S.C. § 1983 by Plaintiff Herman D. Shead, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding against Defendant Vang for use of excessive force, in violation of the Eighth Amendment of the United States Constitution. On December 8, 2010, Plaintiff filed a motion seeking a preliminary injunction prohibiting prison officials from transferring him to a different prison. Defendant filed an opposition on December 23, 2010.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

     For each form of relief sought in federal court, Plaintiff must establish standing. <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. <u>Summers v. Earth Island Institute</u>, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

     At issue in this action is whether Defendant used excessive force against Plaintiff in July of 2007. The Court lacks jurisdiction to issue the order sought by Plaintiff because that form of relief is unrelated to the claim upon which this action proceeds. In addition, the Court lacks jurisdiction over prison officials other than Correctional Officer Vang. Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:  January 25, 2011**        /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE