# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O VANG,<br><br>    Defendant.<br>_____ / | CASE NO. 1:09-cv-00006-OWW-SKO PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR ADMISSION No. 3 AND INTERROGATORY No. 3 AND OTHERWISE DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>(Docs. 39 and 43) |

## I.    Introduction

Plaintiff Herman D. Shead, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. This action is proceeding against Defendant Vang on Plaintiff's Eighth Amendment excessive force claim. Pending before the Court are (1) Plaintiff's motion to compel responses to his requests for admission (RFAs) one through five, set one, and interrogatories (ROGs) one through five and eleven, set one, filed January 11, 2011; and (2) Plaintiff's motion to compel a response to his request for the production of documents, filed February 16, 2011. Defendant filed oppositions on January 26, 2011, and March 3, 2011, respectively, and the motions have been submitted. Local Rule 230(l).

## II.    First Motion to Compel

### A.    RFAs 1-5

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant

1

to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

The responding party may be asked to admit the truth of any fact, application of law to fact, or opinions about either, and the genuineness of any documents. Fed. R. Civ. P. 36(a)(1) (quotation marks omitted). If a matter is not admitted, the responding party must specifically deny the matter or state in detail why the matter cannot be truthfully admitted or denied. Id. (quotation marks omitted). If a request is objected to, the grounds must be stated. Id. (quotation marks omitted).

Requests for admission are intended to eliminate those issues on which there are no genuine disputes between the parties. Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *6 (S.D.Cal. Feb. 22, 2011) (citation omitted). Requests for admission are not a discovery device for gathering evidence, Bovarie, 2011 WL 719206, at *6 (citation omitted), and they are not intended as a substitute for other methods of discovery, Woodall v. California, No. 1:08-cv-01948-OWW-DLB PC, 2010 WL 4316953, at *3 (E.D.Cal. Oct. 22, 2010) (citation omitted).

Plaintiff seeks to compel responses to RFAs 1 through 5, none of which was admitted or denied and all of which were objected to. Having considered Plaintiff's motion, Defendant's opposition, and the relevant discovery requests and responses, the Court issues the following rulings.

**RFA 1:** Admit that you have never been detained by any law enforcement agency within the United States at any time other than a traffic related matter.

**Response:** Defendant objects on the grounds that the request is vague as to "detained," is overly broad as to time and place, is not reasonably calculated to lead to the discovery of admissible evidence, and is an invasion of his privacy.

**Ruling:** The request is ambiguous as to the term "detained," and it is overly broad as to time frame and to scope in that it is not limited to information relevant to Plaintiff's excessive force claim

2

against Defendant. For these reasons, Plaintiff's motion to compel a response is denied.[1]

**RFA 2:** Admit that you have never been arrested by any law enforcement agency within the United States at any time other than for a traffic related matter.

**Response:** Defendant objects on the grounds that the request is overly broad as to time and place, is not reasonably calculated to lead to the discovery of admissible evidence, and is an invasion of his privacy.

**Ruling:** The request is overly broad as to time frame and to scope in that it is not limited to information relevant to Plaintiff's excessive force claim. Plaintiff's motion to compel a response is denied.

**RFA 3:** Admit that you have never been convicted of a misdemeanor that involved moral turpitude in any court within the United States at any time.

**Response:** Defendant objects on the grounds that the request is overly broad as to time and place, is not reasonably calculated to lead to the discovery of admissible evidence, and is an invasion of his privacy.

**Ruling:** As drafted, Plaintiff's request is overly broad. However, an admission or a denial of this fact may potentially lead to the discovery of evidence admissible for impeachment purposes, although misdemeanor convictions are inadmissible unless they involve dishonesty or a false statement. Fed. R. Evid. 609; U.S. v. Colbert, 116 F.3d 395, 396 (9th Cir. 1997); Anzalone v. Small, No. 08-1496-JM (WVG), 2010 WL 4570238, at *11 (S.D.Cal. Sept. 21, 2010). Because the information is relevant, it is discoverable. In light of the fact that misdemeanor convictions involving dishonesty or a false statement are relevant, and that the request will elicit nothing more invasive than an admission or a denial as to the conviction, Plaintiff's motion to compel is granted in part. Within thirty days, Defendant is required to serve a supplemental response to the following

---

[1] In light of the court's ruling that Plaintiff's requests for admission 1, 2, 4, and 5 are overly broad as to time frame and scope, the Court does not reach the issue of whether Defendant's right to privacy outweighs the need for the information, an inquiry which requires a balancing of factors. See Bovarie, 2011 WL 719206, at *5 (citing Pagano v. Oroville Hospital, 145 F.R.D. 683, 695-98 (E.D.Cal. 1993) and Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D.Cal. 1995)) (setting forth the five factors courts consider in determining whether privacy rights outweigh the need for the discovery).

redrafted request: Admit you have been convicted of a misdemeanor involving dishonesty or a false statement within the past ten years in a federal or state court of the United States.

**RFA 4:** Admit that you never received any adverse action during the entire course of your employment with CDCR at any time.

**Response:** Defendant objects on the grounds that the request is vague and ambiguous as to "adverse action," is overly broad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, is prejudicial character evidence, and is an invasion of his privacy.

**Ruling:** The request is ambiguous as to the term "adverse action" and it is overly broad as to time frame and scope. Plaintiff's motion to compel a response is denied.

**RFA 5:** Admit that you never received any adverse action at any time during the entire course of your employment at PVSP.

**Response:** Defendant objects on the grounds that the request is vague and ambiguous as to "adverse action," is overly broad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, is prejudicial character evidence, and is an invasion of his privacy.

**Ruling:** The request is ambiguous as to the term "adverse action" and it is overly broad as to time frame and scope. Plaintiff's motion to compel a response is denied.

**C.  ROGs 1-5 and 11**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**ROGS 1-5:** ROGs 1 through 5 correspond with RFAs 1 through 5, and Plaintiff seeks to

know all facts upon which Defendant's response was based if Defendant responded in any way other than by admission.

**Response:** Defendant objects on the ground that he objected to the relevant requests for admission and on the grounds set forth in the objection to the requests for admission themselves.

**Ruling:** Defendant objected to requests for admission 1, 2, 4, and 5, and Plaintiff's motion to compel further responses was denied. Therefore, there are no facts upon which any substantive responses were based and Plaintiff's motion to compel is denied.

With respect to RFA 3, to which Defendant has been ordered to respond, Defendant has either been convicted of a qualifying misdemeanor within the past ten years or he has not. If he has and his response is therefore an admission, Defendant shall respond to ROG 3 by identifying the misdemeanor(s) for which he was convicted. Plaintiff's motion as to ROG 3 is granted to that limited extent and otherwise denied.

**ROG 11:** Plaintiff seeks the name of the current custodian of records at PVSP.

**Response:** Defendant objects on the grounds that the information is not reasonably calculated to lead to the discovery of admissible evidence, the custodian's name equally available to Plaintiff, and the interrogatory is vague and ambiguous because there are different custodians depending on the type of record and Plaintiff failed to specify the type of records. Notwithstanding this objection, Plaintiff subsequently clarified his request in correspondence with Defendant and Defendant served a supplemental response identifying two custodians of records.

**Ruling:** Plaintiff's motion to compel is denied as moot.

### III.   Second Motion to Compel

Plaintiff seeks to compel a response to his request for the production of documents, set one, served for the first time as an exhibit to his motion to compel. (Doc. 43, Motion, Ex. C.) As Defendant correctly points out, Plaintiff may not move to compel a response to a discovery request that was served with the motion to compel a response. Defendant is entitled to forty-five days within which to serve a response to discovery requests, and Plaintiff may move to compel a response only after the expiration of that deadline, assuming he does not receive any response or he is dissatisfied

with the response.

To the extent that Plaintiff is attempting to compel the production of documents referred to in his requests for admission or interrogatories, he may not do so.  Plaintiff is required to seek documents through a request for the production of documents and he may seek court intervention via a motion to compel only after the passage of forty-five days and either non-receipt of any response or receipt of an unsatisfactory response.

### IV. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel responses to RFAs 1-5, set one, and ROGs 1-5 and 11, set one, filed January 11, 2011, is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's motion to compel responses to RFAs 1, 2, 4, and 5, and ROGs 1, 2, 4, 5, and 11 is denied; and

    b. Plaintiff's motion to compel responses to RFA 3 and ROG 3 is granted subject to the limitations set forth above;

2. Within **thirty (30) days** from the date of service of this order, Defendant shall serve a response to RFA 3 and a limited response to ROG 3 if the response to RFA 3 is an admission; and

3. Plaintiff's motion to compel the production of documents, filed February 16, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:**   **May 19, 2011**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE