# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O VANG,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-00006-OWW-SKO PC<br><br>ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM AS PREMATURE, AND GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO SERVE LIMITED REQUEST FOR PRODUCTION OF DOCUMENTS ON DEFENDANT<br><br>(Docs. 35 and 36)<br><br>Amended Discovery Deadline (Limited): 09/15/2011<br>Amended Pretrial Dispositive Motion Deadline: 12/15/2011 |

　　　Plaintiff Herman D. Shead, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. On October 4, 2010, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum ordering the production of documents by the custodian of records at Pleasant Valley State Prison. On October 22, 2010, Plaintiff supplemented his motion by providing a copy of the document request, which was somehow separated from his earlier motion and returned to him by the Clerk's Office.

　　　Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires Plaintiff

to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party.

Discovery opened on September 14, 2010, making it impossible for Plaintiff to have first sought the documents directly from Defendant. Plaintiff acknowledges as much, but he argues that the records are not within the care, custody, and control of Defendant. Given the nature of the records sought, Plaintiff's argument is not persuasive. Plaintiff must follow the directives in this order and he will be entitled to the issuance of a subpoena duces tecum only if the requirements set forth herein are satisfied. Given that discovery closed on May 14, 2011, the discovery deadline is extended for the limited purpose of allowing Plaintiff to serve a request for the production of documents on Defendant and to file a motion to compel if necessary.[1]

In light of this ruling, the deadline for filing pretrial dispositive motions will be extended to allow for the completion of this limited discovery. If the issuance of a subpoena duces tecum is ultimately found to be necessary, the Court will extend the motion deadline to accommodate completion of that further discovery.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena duces tecum, filed October 4, 2010, and supplemented on October 22, 2010, is DENIED;

2. Plaintiff has **thirty (30) days** from the date of service of this order within which to serve a request for the production of documents on Defendant, limited to the documents set forth in Exhibit A of the document 36;[2]

3. Plaintiff has **thirty (30) days** from the date of service of Defendant's response to file a motion to compel, if any;

///

///

---

[1] If Defendant objects to Plaintiff's document production request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a records subpoena. If the Court rules that the documents are not discoverable, the inquiry ends.

[2] Defendant has forty-five days to respond, pursuant to the discovery and scheduling order.

2

4. The discovery deadline is extended to September 15, 2011, to allow for this limited round of discovery;[3] and

5. The pretrial dispositive motion deadline is extended to December 15, 2011.

IT IS SO ORDERED.

Dated: **May 19, 2011** /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

---

[3] If Plaintiff fails to serve a document production request within thirty days, discovery will close. The deadline of September 15, 2011, is dependant upon compliance with this thirty day deadline.

3