# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O VANG,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-00006-OWW-SKO PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 46) |

Plaintiff Herman D. Shead, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. This action is proceeding against Defendant Vang on Plaintiff's Eighth Amendment excessive force claim. On March 14, 2011, Plaintiff, asserting fraud, filed a motion seeking reconsideration of the dismissal of his claims against Defendants Fogle, Bradford, and Vera on December 3, 2009. Defendant Vang did not file a response.

Rule 60(b)(3) provides that the Court may set aside an order on the ground of fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b)(3). Although Plaintiff utilizes the term fraud in his motion, he cites to Rule 60(b)(6) rather than Rule 60(b)(3). In addition, Plaintiff's motion sets forth no grounds that would support setting aside the order under Rule 60(b)(3) and a motion under that subsection would be time barred because it was brought more than one year after issuance of the order being challenged. Fed. R. Civ. P. 60(c)(1). For these reasons, Plaintiff's motion shall is properly treated as one brought under Rule 60(b)(6).

///

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control. . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's arguments essentially boil down to his belief that the Magistrate Judge erroneously applied a heightened pleading standard to his allegations and wrongfully recommended dismissal of claims that were viable.[1]  28 U.S.C. § 1915A; Fed. R. Civ. P. 8(a).  However, Plaintiff ignores the effect of the United States Supreme Court's decision in Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (2009), which was issued on May 18, 2009, and which was cited to by the Magistrate Judge in the findings and recommendations.  The opinion erased any doubt that there has been a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009).

Detailed factual allegations are not required to satisfy Rule 8(a), but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal,

---

[1] The Magistrate Judge's findings and recommendations were adopted in full.

2

129 S.Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Plaintiff's viable excessive force claim against Defendant Vang arises from an incident on July 3, 2007, in which Vang allegedly took his baton and smashed Plaintiff across the face with it, knocking Plaintiff unconscious and dislodging one of Plaintiff's teeth. The failure of Defendants Fogle, Bradford, and Vera to provide Plaintiff with a copy of the subsequent use of force report does not support a claim for relief under section 1983. Further, Plaintiff's conclusory allegation that Defendants Fogle, Bradford, and Vera "combined, conspired, confederated, and agreed pursuant to a sub rosa custom and policy to retaliate upon plaintiff for the filing of the complaint by using a de facto policy, the inmate appeals system, to meet their illegal end and to cover-up the excessive use of force by defendant Vang after the fact, due to an ongoing code of silence that is systematic, and action under 42 U.S.C. Section 1983" does not support a claim against them for conspiracy or for retaliation, despite Plaintiff's contentions to the contrary.[2]  (Doc. 1, Comp., court record p. 8.)

///

---

[2] To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), while "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal," Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

1  The Magistrate Judge did not err in finding that Plaintiff's allegations failed to state a claim
2  against Defendants Fogle, Bradford, and Vera under section 1983 nor did the Magistrate Judge
3  erroneously deprive Plaintiff of the opportunity to amend his claims. Notably, the Magistrate Judge
4  provided Plaintiff with notice of the deficiencies and the opportunity to amend, but Plaintiff declined
5  to do so, choosing instead to object, which prompted the issuance of the findings and
6  recommendations.

7  In conclusion, Plaintiff's contention that the Court erred in finding that his claims against
8  Defendants Fogle, Bradford, and Vera were not cognizable is without merit. Plaintiff's complaint
9  is devoid of any specific factual allegations supporting a plausible claim that Defendants conspired
10 against him and retaliated against him for the exercise of a protected right, in violation of his
11 constitutional rights. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff's motion for
12 reconsideration, filed March 14, 2011, is HEREBY DENIED, with prejudice.

14 IT IS SO ORDERED.
15 **Dated:   May 20, 2011**          /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE