# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD, | CASE NO. 1:09-cv-00006-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS AND DISCHARGING ORDER TO SHOW CAUSE |
| v. | |
| C/O VANG, | (Docs. 69 and 70) |
| Defendant. | ORDER VACATING TRIAL DATE, GRANTING REQUEST TO MODIFY SCHEDULING ORDER, AND REQUIRING PARTIES TO FILE JOINT STATEMENT WITHIN THIRTY DAYS REGARDING PROPOSED SCHEDULING ORDER |

## I. Procedural History

Plaintiff Herman D. Shead, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. This action is proceeding against Defendant Vang on Plaintiff's Eighth Amendment excessive force claim, which arises from an alleged incident on or around July 3, 2007, at Pleasant Valley State Prison.

This matter is currently set for jury trial on October 30, 2012. On July 24, 2012, following Plaintiff's failure to file his pretrial statement in compliance with the scheduling order, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 16(f) and 41(b) and the inherent power of the court. In addition, the Court issued an order to show cause why the action should not be dismissed on August 1, 2012. On August 3, 2012, Plaintiff filed a notice of substitution of counsel, and on August 20, 2012, following approval of the substitution by the Court, Plaintiff's counsel filed an opposition to the motion to dismiss and a response to the order to show cause. Defendant filed a reply on August 23, 2012.

///

## II. Legal Standard

Rule 16(f) provides for the imposition of sanctions for the failure to obey a scheduling order and Rule 41(b) provides for the involuntary dismissal of an action for failure to prosecute or obey a court order. In addition, federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). Dismissal with prejudice is an available sanction under all three sources of authority. Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996).

In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

## III. Discussion

While the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket usually weigh in favor of dismissal, in this case, neither will be significantly hindered by a brief delay. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (four month delay weighed in favor of dismissal). Although Plaintiff failed to file his pretrial statement in compliance with the scheduling order, he was proceeding pro se at the time and he was engaged in seeking representation by counsel. While this does not in any way excuse the failure to obey the scheduling order, Plaintiff responded to the order to show cause and his counsel responded to the order to show cause and the motion to dismiss, evidencing the intent to prosecute the action.

With respect to the third factor, Defendant argues that he has been prejudiced because he has been unable to ascertain which factual issues and evidence Plaintiff believes are in dispute, and he has been unable to prepare for trial. However, Defendant was relieved of his obligation to file his pretrial statement pending resolution of these issues and he has suffered no actual prejudice as a result of Plaintiff's failure to file his pretrial statement, which has caused only a limited delay. Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1132 (9th Cir. 2008); Leon v. IDX Systems,

///

Corp., 464 F.3d 951, 959-60 (9th Cir. 2006); Pagtalunan, 291 F.3d at 642; Anheuser-Busch, Inc. v. Natural Beverages Distributors, 69 F.3d 337, 353-54 (9th Cir. 1995).

As to the fourth factor, public policy favors the disposition of cases on their merits and necessarily weighs against dismissal. Pagtalunan, 291 F.3d at 643.

Finally, the Court must consider less drastic sanctions, Leon, 464 F.3d at 358, and the extreme sanction of dismissal is warranted *only* if a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings, Anheuser-Busch, Inc., 69 F.3d at 348 (quotation marks and citation omitted); also Hearns, 530 F.3d at 1132; Leon, 464 F.3d at 958. For dismissal to be proper, the sanctionable conduct must have been due to willfulness, fault, or bad faith. Leon, 464 F.3d at 958; Anheuser-Busch, Inc., 69 F.3d at 348. Negligence does not suffice. Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001).

In this instance, lesser sanctions are available and will suffice. Plaintiff is now represented by counsel and there is no suggestion in the record that this situation will repeat itself. The Court finds that a formal warning that monetary sanctions or dismissal will be imposed if the Court's orders are again disobeyed is sufficient for the misconduct at issue and under the circumstances.

The Court declines Defendant's invitation, set forth in his reply, to, in lieu of dismissal, assess monetary sanctions in the amount of $1881.00, which represents the expenditure invested by Defendant's counsel in preparing the motion to dismiss and the reply. Plaintiff is incarcerated and he is proceeding in forma pauperis; his application to proceed in forma pauperis showed *no* funds in his prison trust account. See Thomas v. Gerber Productions, 703 F.2d 353, 357 (9th Cir. 1983) (abuse of discretion to select a sanction that could not be performed). Further, Plaintiff's failure to obey the scheduling order occurred when he was proceeding pro se, and Defendant prepared and filed his motion to dismiss prior to Plaintiff's retainment of counsel. As such, there exists no basis upon which to assess sanctions against counsel.

Accordingly, Plaintiff is formally warned that if he again fails to obey a court order, that failure will result in the imposition of more serious sanctions, including monetary sanctions and/or dismissal of the action.

///

### IV. Modification of Scheduling Order

Finally, Plaintiff seeks a short modification of the scheduling order to allow his new counsel to obtain all necessary documents and initial disclosures. Although Defendant objects to any continuance in this matter, the Court's calendar is unable to accommodate the jury trial currently set for October 30, 2012. At this juncture, the Court has five matters set for trial on that date, including a criminal matter which takes precedence.

Given that the trial date must be continued, the Court finds that it is in the interest of justice to allow Plaintiff a short continuance to obtain discovery and to allow the parties to find a mutually agreeable trial date. To that end, the parties shall meet and confer, and, within thirty days, filed a joint statement setting forth proposed discovery and dates for the completion of that discovery, the telephonic trial confirmation hearing, and jury trial.

### V. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss is DENIED;
2. The order to show cause is DISCHARGED;
3. The jury trial date of October 30, 2012, is VACATED;
4. Plaintiff's request for modification of the scheduling order is GRANTED; and
5. Within **thirty (30) days** from the date of service of this order, the parties are required to (1) meet and confer and (2) file a joint statement setting forth proposed discovery and proposed dates for the completion of discovery, the telephonic trial confirmation hearing, and jury trial.

IT IS SO ORDERED.

Dated:   September 5, 2012

CHIEF UNITED STATES DISTRICT JUDGE