UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HERMAN D. SHEAD,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**C/O VANG, et. al.,**<br><br>　　　　**Defendants.** | **CASE NO. 1:09-CV-006  AWI SKO**<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS AND ORDER CLOSING CASE**<br><br>(Doc. No. 94) |

　　　This is a civil rights case brought by Plaintiff Herman Shead ("Shead") against Defendant Correctional Officer Vang ("Vang").  Shead is incarcerated in a California State Prison, and his complaint is based on alleged excessive force used by Vang.  Although this case was filed initial by Shead pro se, Shead has been represented by counsel since August 2012.  Now pending before the Court is Vang's motion to dismiss the complaint under Rules 16(f) and 41(b) and the Court's inherent authority.  For the reasons that follow, the motion will be granted and this case will be closed.

　　　*Background*

　　　On January 4, 2012, the Court issued a scheduling order that required Shead to file a pre-trial statement on or before July 9, 2012.  See Doc. No. 64.  That scheduling order warned Shead that failure to comply with its terms could result in the dismiss of his case.  See id.

　　　On August 1, 2012, the Court issued an order to show cause why this case should not be dismissed for failure to obey a court order.  See Doc. No. 70.  Specifically, the Shead had failed to file a pre-trial statement by July 9, 2012.

On September 5, 2012, the Court discharged the order to show cause.  See Doc. No. 70.  As part of that discharge order, the Court warned Shead:  "Plaintiff is formally warned that if he again fails to obey a court order, that failure will result in the imposition of more serious sanctions, including monetary sanctions and/or dismissal of this action.  Id.

On July 8, 2013, the Court issued an order regarding an August settlement conference.  See Doc. No. 85.  Pursuant to the July 8 order, the parties were to submit confidential settlement statements.  See id.  Vang complied with the order, but Shead did not.

On August 7, 2013, the settlement conference was vacated and an order to show cause why sanctions should not be imposed on Shead was issued.  See Doc. No. 92.  Shead was to show cause no later than August 13, 2013.  See id.  Shead did not file a response to the order to show cause.

On August 29, 2013, Vang filed this motion to dismiss.  See Doc. No. 94.  The motion to dismiss was set for hearing on September 30, 2013, but the hearing was vacated on September 26, 2013 after Shead failed to file an opposition or response.  See Doc. No. 96.

## DEFENDANT'S MOTION

*Defendant's Argument*

Vang argues that dismissal is appropriate because the relevant factors weigh in favor of dismissal.

*Plaintiff's Opposition*

Shead has filed no opposition or response of any kind.

*Legal Standard*

Federal Rule of Civil Procedure 16(f) provides for the imposition of sanctions for the failure to obey a scheduling order.  See Fed. R. Civ. Pro. 16(f); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action for failure to prosecute or obey a court order.  See Fed. R. Civ. Pro. 41(b); Malone v. USPS, 833 F.2d 128, 130 (9th Cir. 1988).  "District courts have the inherent power to control their dockets and in the exercise of that power

they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991) (courts have inherent authority to sanction conduct that is abusive to the judicial process). Dismissal with prejudice is an available sanction under all three sources of authority. Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under each of these sources of authority, in order to dismiss an action, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine, 460 F.3d at 1226; Bautista, 216 F.3d at 841; Malone, 833 F.2d at 130.

*Discussion*

After considering the relevant factors, the Court concludes that dismissal of this case is appropriate. First, the public's interest in expeditious resolution weighs in favor of dismissal. Second, this Court has a highly congested and impacted docket, which weighs in favor of dismissal. Third, this case is over four years old, and there is no reason given for Shead's failure to comply with the scheduling order. Shead's conduct has caused additional delay, and there is no reason given. It appears that the delay is unreasonable and unnecessary, which prejudices Vang. Fourth, the public policy favoring disposition of a case on the merits weighs against dismissal. Fifth, the Court is aware of no other options. Shead has been previously warned that the failure to obey court orders would lead to sanctions, including possible dismissal. Shead has now violated the scheduling order, a settlement conference order, failed to respond to an order to show cause, and failed to respond to Vang's motion to dismiss. It is impractical to keep this case open without Shead's participation and in the face of disobedience to Court orders.

## **CONCLUSION**

Shead has failed to obey court orders and is no longer prosecuting this case. Because four of the five factors weigh in favor of dismissal, the Court will grant Defendant's motion and dismiss this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. No. 94) is GRANTED;
2. This case is DISMISSED with prejudice; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 30, 2013

SENIOR DISTRICT JUDGE