1
2
3
4

### UNITED STATES DISTRICT COURT

5

### EASTERN DISTRICT OF CALIFORNIA

6

7 **HERMAN D. SHEAD,**                            **CASE NO. 1:09-cv-00006-AWI-SKO**

8                        **Plaintiff**

9                        **v.**                           **ORDER ON DEFENDANT'S RULE 60(b)
                                                          MOTION**

10 **C/O VANG et al.,**

11                        **Defendant**                   (Doc. No. 105)

12

13

14          The instant motion arises from a 42 U.S.C. § 1983 case in which prisoner Herman D.

15 Shead ("Plaintiff"), proceeding pro se, alleges that Defendant Vang ("Defendant") employed

16 excessive force while subduing him.  On October 1, 2013, this Court granted Defendant's motion

17 to dismiss pursuant to Rule 41(b).  See Court's Docket Doc. No. 98.  On May 8, 2015, Plaintiff

18 filed this Rule 60(b) motion, alleging that his counsel both abandoned him and misled him to

19 believe that Plaintiff was still being represented.  See Doc. 105 p. 3.  Pursuant to Rules 60(b)(1)

20 and 60(b)(6), Plaintiff requests that this Court vacate its October 1, 2013 dismissal order and allow

21 him to prosecute his case.

22                        **FACTUAL BACKGROUND**

23          On August 14, 2012, the Court signed an order approving substitution of attorney for

24 Plaintiff, who had been proceeding pro se and in forma pauperis.  See Doc. 73.  On August 20,

25 2012, Ralph M. Rios and Adam M. Leach ("Counsel"), Plaintiff's counsel, filed an opposition to a

26 motion to dismiss by Defendant and a response to an order to show cause stemming from issues

27 that pre-dated their representation of Plaintiff.  See Doc. 76 & 77.  On October 5, 2012, Rios filed

28 a joint scheduling report.  See Doc. 82.

On January 17, 2013, the Court issued a scheduling order, which set discovery and motions deadlines, scheduled a settlement conference for August 13, and required the parties to submit confidential settlement conference statements no later than five business days before the conference. See Doc. 84 & 85.

On May 2, 2013, Plaintiff received a letter from Counsel in response to an inquiry into the status of his case. The letter assured Plaintiff that the case was being litigated in accordance with the Court's scheduling order, but that the June 21 deadline for discovery was approaching. Counsel stated that it would need to depose Defendant, first responders, and the person most knowledgeable at Pleasant Valley State Prison, where the incident occurred. See Doc. 105 p. 37. Counsel also requested an advance of $3,000 for the "associated depositions and transcript fees." Id. Counsel referenced several prior requests for reimbursement, and advised Plaintiff that they might be "compelled to withdraw" for inability to prosecute pursuant to the retainer agreement. Id. at 38. Plaintiff replied that he was "under the impression that all litigation costs and expenses were covered in the original contract under the Contingent Fee Retainer Agreement," and argued that the agreement stipulated that Counsel would "cover such costs and upon securing a claim…would deduct such expenses from the result of a court action." Id. at 40.

Following this interaction, Plaintiff failed to comply with the deadlines set out in the scheduling order. He did not submit the required confidential settlement conference statement, and the Court vacated the August 13 settlement conference as a result. See Doc. 92. The Court further ordered that counsel show cause to avoid sanctions within six days. Id.

Plaintiff failed to respond to the show cause order, and on August 29, 2013, Defendant brought a motion to dismiss. See Doc. 94. Defendant noted that Plaintiff had "(1) failed to submit a written itemization of damages and demand with factual and legal support in preparation for a settlement conference scheduled for August 13, 2013; (2) submit a confidential settlement conference statement and file with the Court a notice for having done so; and (3) show cause pursuant to an Order to Show Cause as to why sanctions should not be imposed for the failure to do (1) and (2)." Id. at 1. Defendant also noted that Plaintiff had failed to disclose expert witnesses pursuant to the January 17, 2013 scheduling order. Id. at 1-2. Plaintiff had until September 16 to

1   file a notice of opposition or non-opposition to the motion pursuant to Local Rule 230(c), but

2   failed to do so.  The Court vacated the scheduled hearing, granted Defendant's motion, and closed

3   the case.  See Doc. 96, 98.

4         In a January 22, 2015 letter to the Clerk, Plaintiff stated that he had "not heard from Rios

5   and Associate for months."  The letter stated that Plaintiff had been attempting to establish contact

6   with Counsel, but that he had never received a response.  Id. at 41.  Plaintiff inquired about the

7   status of his case.  Id.  The Deputy Clerk responded on the same day that Plaintiff's case had been

8   closed since October, 2013.  Id.  at 43.  Plaintiff filed the current motion on May 8, 2015.

9   **PLAINTIFF'S MOTION**

10   *Plaintiff's Argument*

11         Plaintiff argues that "somewhere between August 22, 2012 and October 1, 2013, [his]

12   attorney[s] Rios and Associates quit or abandon [sic] plaintiff without notice."  See Doc. 105. p. 2.

13   This occurred, he claims, after Counsel requested advances to cover discovery costs, knowing of

14   his indigent status.  Id.  Plaintiff further argues that Counsel's failure to provide him with notice,

15   and failure to formally withdraw, misled him into believing that Counsel was representing him in

16   court.  Id.  at 3.  Because Plaintiff at that time had no reason to believe that Counsel had

17   abandoned him, he argues that he cannot be blamed for failing to act on his own behalf until May

18   08, 2015.  Id. at 4.  Plaintiff argues that relief under Rule 60(b)(1) and (6) is proper, and requests

19   that this case should be reopened.  Id. at 2.

20   *Legal Standard*

21         Rule 60(b) provides that "the court may relieve a party or its legal representative from a

22   final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise,

23   or excusable neglect…(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6).

24         To obtain relief under 60(b)(1), Plaintiff must establish that Counsel is guilty of excusable

25   neglect.  Excusable neglect refers to "simple, faultless omissions to act, and, more commonly,

26   omissions caused by carelessness." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380,

27   388 (1993).  Rule 60(b)(1) motions must be made "no more than a year after the entry of judgment

28   or order or the date of the proceeding."  Id. at 393; Fed. R. Civ. P. 60(c)(1);

Rule 60(b)(6) is an equitable remedy that applies when there is a reason not within the scope of Rule 60(b)(1)-(5) that justifies granting relief. <u>Community Dental Servs. v. Tani</u>, 282 F.3d 1164, 1168 (9th Cir. 2002). A party invoking 60(b)(6) must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." <u>Id.</u> The Ninth Circuit has awarded relief under Rule (60)(b)(6) where an attorney's intentional, "grossly negligent" conduct results in a default judgment against the movant. <u>Id.</u> at 1169. The Court defines "gross negligence" as a "greater, less excusable, degree of negligence" than ordinary, excusable negligence. <u>Id.</u> at 1170. In the context of abandonment by an attorney, conduct on the part of an attorney that practically means that the client receives no representation is a clear instance of gross negligence. <u>Id.</u> at 1171. *Tani's* rationale applies to cases where gross negligence by attorneys results in dismissals pursuant to Rule 41(b). <u>Lal v. California</u>, 610 F.3d 518, 524-527 (9th Cir. 2010).

Movants must make Rule 60(b)(6) motions within a reasonable time. Fed. R. Civ. P. 60(c). This determination "depends on the facts of each case." <u>United States v. Holtzman</u>, 762 F.2d 720, 725 (9th Cir. 1985) (citing <u>Washington v. Penwell</u>, 700 F.2d 570, 572-573 (9th Cir. 1981)). Courts consider "(1) the interest in finality, (2) the reason for the delay in filing, (3) the practical ability of the litigant to learn earlier of the grounds relied upon, and (4) prejudice to other parties." <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981).

*Discussion*

1. *Rule 60(b)(1)*

Plaintiff's case was dismissed on October 1, 2013. Rule 60(c)(1) grants a period of "no more than one year after the entry of the judgment or order or the date of the proceeding" to file a 60(b)(1) motion. Rule 60(b)(1) motions made more than one year after an entry of judgment are untimely and subject to dismissal. <u>See Norwood v. Vance</u>, 517 Fed. Appx. 557, 558 (9th Cir. 2013); <u>Nevitt v. United States</u>, 886 F.2d 1187, 1188 (9th Cir. 1989). Plaintiff's motion, filed over 19 months after the order to dismiss was made and the case was closed, falls well outside of the prescribed one-year period to make a 60(b)(1) motion. Plaintiff's motion is therefore untimely, and relief under Rule 60(b)(1) is not appropriate. <u>Id.</u>

2. *Rule 60(b)(6)*

Plaintiff asserts conduct on the part of Counsel which, if true, may rise to the requisite level of gross negligence required to obtain relief under Rule 60(b)(6). *Cf.* Slama v. City of Madera, 2011 WL 3667334, *3 (E.D. Cal. Aug. 22, 2011) (holding that an attorney's misrepresentation of the status of the case to his client and failure to oppose two motions for summary judgment was sufficient to constitute gross negligence and attorney abandonment). However, this Court is concerned with the length of time that elapsed between the October 13, 2013 dismissal of Plaintiff's case and the May 8, 2015 filing of this motion.  Given Plaintiff's pro se status and the seriousness of Counsel's alleged conduct, this Court will order Plaintiff to submit additional briefing on the following issues that address the 19 month gap between dismissal and this Rule 60 motion.  Plaintiff should address why the 19 month gap is "reasonable" for purposes of Rule 60(c).  Plaintiff should provide: (1) relevant communications with Counsel; (2) should address whether he had a copy of the January, 2013 scheduling order; (3) should describe and provide copies of any inquiries he made to Counsel on the status of his case; and (4) should explain why he filed this motion in May, 2015 after his January, 2015 correspondence with the Court.

## ORDER

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion under Rule 60(b)(1) is DENIED;

(2) Plaintiff shall submit ADDITIONAL BRIEFING on the matters described above within 21 days; and

(3) failure by Plaintiff to timely respond to this order will result in the denial of Plaintiff's rule 60(b)(6) motion without further notice.

IT IS SO ORDERED.

Dated:   June 29, 2015                              _____

                                                                SENIOR  DISTRICT  JUDGE