UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>   Plaintiff<br><br>  v.<br><br>C/O VANG et al.,<br><br>   Defendant | CASE NO. 1:09-cv-00006-AWI-SKO<br><br>**ORDER ON DEFENDANT'S RULE 60(b) MOTION**<br><br>(Doc. No. 109) |

  The instant motion arises from a 42 U.S.C. § 1983 case in which prisoner Herman D. Shead ("Plaintiff"), proceeding pro se, alleges that Defendant Vang ("Defendant") employed excessive force while subduing him. On October 1, 2013, the Court granted Defendant's motion to dismiss pursuant to Rule 16(f) and 41(b). See Court's Docket Doc. No. 98. On May 8, 2015, Plaintiff filed this Rule 60(b) motion, alleging that his counsel both abandoned him and misled him to believe that he was still being represented. See Doc. 105 p. 3. Pursuant to Rule 60(b)(6), Plaintiff requests that the Court vacate its October 1, 2013 dismissal order and allow him to prosecute his case.[1] For reasons discussed below, Plaintiff's motion will be granted.

## **FACTUAL BACKGROUND**

  The Court refers the parties to previous orders for a complete chronology of the proceedings. Plaintiff filed the current motion on May 8, 2015. See Doc. 105. On July 20, 2015, the Court ordered Plaintiff to submit additional briefing to demonstrate that the 19-month gap

---

[1] Plaintiff additionally requested relief under Rule 60(b)(1). See Doc. 105. However, this Court denied that motion as untimely. See Doc. 106 p. 4.

between the dismissal of his claim and the filing of this motion is "reasonable" for purposes of Rule 60(c). Plaintiff was ordered to provide the Court with relevant communications with his counsel ("Counsel"), any inquiries that he made to Counsel on the status of his case, and an explanation for why he filed this motion in May 2015, after learning that his case was closed late in January 2015. See Docs. 106, 108.

On August 5, 2015, Plaintiff submitted additional briefing on the matters described above. See Doc. 109. Plaintiff alleges that Counsel failed to communicate with him after a May 2, 2013 correspondence, in which Counsel requested the advance of $3,000 to cover the cost of upcoming depositions and transcript fees. Id. at 1-2, 5-6. Plaintiff replied that he believed that the Contingent Fee Agreement did not require him to advance such funds, and Counsel did not reply to the letter. Id. at 2. Believing any dispute over costs to be resolved, Plaintiff states that he had no reason to believe that Counsel was not representing him from May 2013 forward. Id. In reality, Plaintiff's case was dismissed on October 1, 2013. See Doc. 99.

Plaintiff alleges that he unsuccessfully attempted to reach Counsel by telephone from January 2014 to March 2014. See Doc. 109 p. 2. Plaintiff was unable to make calls during the day time due to his incarceration. Id. In March 2014, Plaintiff was placed in Administrative Segregation for approximately four months, where he was denied the opportunity to make phone calls. Id. Upon his release from Administrative Segregation, Plaintiff suffered from medical complications until May 2015. Id. at 3. Plaintiff alleges that he attempted to reestablish contact with Counsel from July to December 2014, but was unsuccessful in doing so. Id.

At this point, Plaintiff learned that Counsel had relocated. Id. Plaintiff stated that he had "not heard from [Counsel] for months" in a January 2015 letter to the Clerk. See Doc. 96-98. The Deputy Clerk responded that his case had been closed since October, 2013. Id. at 43.

Plaintiff alleges that Counsel did not notify him of their relocation or that his case had been dismissed. See Doc. 109 p. 3. Plaintiff further claims that he never had access to the Scheduling Order that set a series of deadlines for the parties. Id. at 2.

**PLAINTIFF'S MOTION**

*Plaintiff's Argument*

Plaintiff argues that "somewhere between August 22, 2012 and October 1, 2013, [his] attorney[s] Rios and Associates quit or abandon [sic] plaintiff without notice." See Doc. 105. p. 2. This occurred, he claims, after Counsel requested advances to cover discovery costs, despite knowing of his indigent status. Id. Plaintiff further argues that Counsel's failure to provide him with notice, and failure to formally withdraw, misled him into believing that Counsel was representing him in court. Id. at 3. Because Plaintiff at that time had no reason to believe that Counsel had abandoned him, he argues that he cannot be blamed for failing to act on his own behalf until May 8, 2015. Id. at 4. Plaintiff argues that relief under Rule 60(b)(6) is proper, and requests that this case be reopened. Id. at 2.

*Legal Standard*

Rule 60(b)(6) is an equitable remedy that applies when there is a reason not within the scope of Rule 60(b)(1)-(5) that justifies granting relief. Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). A party invoking Rule 60(b)(6) must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." Id. Petitioners normally bear the risk of negligent conduct on the part of their attorneys, which act as their agents. Coleman v. Thompson, 501 U.S. 722, 753 (1991) (citing Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)). However, when an attorney abandons a client without notice, he or she severs this principal-agent relationship, and "no longer acts, or fails to act, as the client's representative." Maples v. Thomas, 132 S.Ct. 912, 922-23 (2012). Thus, a client "is excused from the consequences of his attorney's conduct where that conduct effectively severs the principal-agent relationship." Foley v. Biter, ---F.3d--- 2015 WL 4231283, at *3 (9th Cir. July 14, 2015). Accordingly, attorney abandonment may supply claimants with the "extraordinary circumstance" necessary to justify relief under Rule 60(b)(6). Mackey v. Hoffman, 682 F.3d 1247, 1252-53 (9th Cir. 2012).

Movants must make Rule 60(b)(6) motions within a reasonable time. Fed. R. Civ. P. 60(c). This determination "depends on the facts of each case." United States v. Holtzman, 762

F.2d 720, 725 (9th Cir. 1985) (citing Washington v. Penwell, 700 F.2d 570, 572-573 (9th Cir. 1981)). Courts consider "(1) the interest in finality, (2) the reason for the delay in filing, (3) the practical ability of the litigant to learn earlier of the grounds relied upon, and (4) prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

*Discussion*

In *Foley v. Biter*, the Ninth Circuit held that an incarcerated petitioner was entitled to relief under Rule 60(b)(6) on the basis that his attorney had abandoned him, despite the fact that he filed the Rule 60(b)(6) motion 14 months after learning that his habeas petition had been denied. Foley, ---F.3d---, 2015 WL 4231283, at *5. There, the plaintiff filed a petition in April of 2001. Id. at *1. His attorney forgot that he was representing the plaintiff, and failed to notify him when his petition was denied in 2004. Id. Six years later, the plaintiff discovered that his petition had been denied when he inquired about the status of his case with a district court clerk. Id. The plaintiff inquired as to why he was not notified of his petition's denial. Id. Nearly six months later, he requested that the court issue an order to his counsel to "show proof" that he notified plaintiff of his petition's denial, and to show cause as to why he never notified plaintiff of the denial. Id. Fourteen months after learning that his petition had been denied, the plaintiff filed a Rule 60(b)(6) motion. Id.

The Ninth Circuit reasoned that the attorney's failure to notify the plaintiff that his petition had been denied and his failure to withdraw as counsel deprived the plaintiff of his opportunity to appeal the denial of his petition. Id. at *4. The plaintiff believed that he was being represented by the attorney despite the fact that the attorney had not been responding to his mail. Id. This conduct severed the principal-agent relationship between the plaintiff and his attorney, and the failure to preserve the plaintiff's ability to appeal constituted abandonment. Id.

The Ninth Circuit additionally held that the motion was timely. Id. at *5. It reasoned that the plaintiff took reasonable efforts to determine whether relief was available to him during the 14-month period that elapsed between the point at which he became aware that his petition was denied and the point at which he filed his motion. Id. The Ninth Circuit considered the plaintiff's lack of resources and legal training when ruling that he was entitled to relief. Id.

In the instant case, Plaintiff alleges facts that entitle him to relief on the basis of Rule 60(b)(6) and the *Foley* decision. Plaintiff believed that he was being represented because Counsel did not supply him with information indicating that they were withdrawing as his attorneys. See Docs. 105 p. 4; 109 p. 2-3. Counsel failed to formally withdraw, and Plaintiff was consequently not served with court documents informing him of the status of his case. Despite Counsel's assurance that Plaintiff's case was being litigated normally, Counsel failed to submit a confidential settlement conference statement, failed to show cause as to why sanctions should not be imposed for non-compliance with court directions, and ultimately failed to file a notice of opposition or non-opposition to the Defendants' motion to dismiss. See Doc. 106 p. 2-3. The Court dismissed Plaintiff's case accordingly. See Doc. 98.

Furthermore, Plaintiff's motion is timely. The 19 month period that elapsed between the dismissal of Plaintiff's case and the filing of the motion at hand, is far exceeded by the 7-year gap in *Foley*. Doc. 106 p. 5. Between the October 2013 dismissal of the case and the May 2015 Motion for Reconsideration, Plaintiff alleges that he unsuccessfully attempted to call Counsel for two months. See Doc. 109 p. 2. His confinement rendered him unable to make phone calls in the mornings and evenings. Id. Plaintiff additionally alleges that he was placed in Administrative Segregation for 3 to 4 months, where he was denied access to a telephone. Id. Upon his release from Administrative Segregation, Plaintiff allegedly suffered from medical complications for over 10 months. Id. at 3. After six months of fruitless attempts at contacting Counsel, Plaintiff inquired about the status of his case with the Court in January 2015, at which point he discovered that his case had been dismissed in October 2013. See Doc. 105 p. 2. These extenuating circumstances and Plaintiff's attempts to reach Counsel render the 19-month delay in the filing of this Motion for Reconsideration reasonable. See *Foley*, ---F.3d---, 2015 WL 4231283, at *5

Before his case was dismissed, Plaintiff was proceeding with an 8th Amendment claim of excessive force against Defendant Vang. Plaintiff's Rule 60(b)(6) will be granted, and he will be permitted to proceed on this cognizable claim only. The Court will refer this matter to the Magistrate Judge for further proceedings and scheduling.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion under Rule 60(b)(6) is GRANTED;

(2) The matter is REFERRED to the Magistrate Judge for further proceedings and scheduling.

IT IS SO ORDERED.

Dated:  August 12, 2015

SENIOR DISTRICT JUDGE