# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>C/O VANG,<br><br>    Defendant.<br>_____/ | Case No. 1:09-cv-00006-AWI-SKO (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>**Date:** February 22, 2016<br>**Time:** 9:30 a.m.<br>**Place:** Courtroom 24 (CKD) |

Plaintiff Herman D. Shead ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. This action for damages is proceeding against Defendant Vang ("Defendant") for excessive force, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's motion to set aside judgment and reopen the case was granted on August 13, 2015; and on August 17, 2015, parties were ordered to notify the Court if either party believed a settlement conference would be beneficial. (Doc. 112.) Both parties filed a response indicating they each believe a settlement conference will be beneficial in this case. (Docs. 114, 118.) Therefore, this case will be referred to Magistrate Judge Carolyn K. Delaney to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California, 95814, in Courtroom #24 on February 22, 2016, at 9:30 a.m. A separate order and writ of habeas corpus ad testificandum will be issued.

///

///

In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference is set for **February 22, 2016, at 9:30 a.m.** in Courtroom #24 before Magistrate Judge Carolyn K. Delaney at the U. S. District Court, 501 I Street, Sacramento, California, 95814.

2. Defendant is instructed to have a principal with full settlement authority present at the Settlement Conference or to have full authority to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[1]

3. Parties are directed to submit confidential settlement statements no later **than February 1, 2016**, to jcrouch@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U. S. District Court, ADR Division, 501 I Street, Suite 4-200, Sacramento, California, 95814, and ensure it is received no later than **February 1, 2016**. If a party desires to share additional confidential information with the Court, he may do so pursuant to the provisions of Local Rule 270(d) and (e). Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (*see* Local Rule 270(d)).

///

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

4. Settlement statements **should not be filed** with the Clerk of the Court **or served on the other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case;

    b. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims are founded), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

    c. A summary of the proceedings to date;

    d. An estimate of the cost and time to be expended for further pretrial proceedings and trial;

    e. The amount of restitution owed by the plaintiff;

    f. The relief sought;

    g. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands; and

    h. A brief statement of the party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   **September 15, 2015**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE