# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O VANG,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:09-cv-00006-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATE LAW TORT CLAIMS BE GRANTED<br><br>(Doc. 97)<br><br>OBJECTION DEADLINE: THIRTY DAYS<br>RESPONSE DEADLINE: FIFTEEN DAYS |

## I. Background

Plaintiff Herman D. Shead ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2009. This action for damages is proceeding against Defendant Vang ("Defendant") for excessive force, in violation of the Eighth Amendment of the United States Constitution, and for violation of state law arising out of the incident of excessive force.[1]

Pending before the Court is Defendant's motion for partial summary judgment on Plaintiff's state law tort claims, filed on September 30, 2013.[2] Fed. R. Civ. P. 56. (Doc. 97.)

---

[1] Plaintiff's tort claims may include assault, battery, and/or negligence. (Doc. 1, Comp., pp. 9-10; Doc. 18, Order, p. 2:9-11.)

[2] On October 1, 2013, one day after Defendant filed his motion for summary judgement, this action was dismissed, with prejudice, for failure to obey court orders and failure to prosecute. On August 13, 2015, the dismissal was set

Plaintiff filed an opposition on September 21, 2015, Defendant filed a reply on September 28, 2015, and the motion has been submitted on the record without oral argument pursuant to Local Rule 230(*l*).³ (Docs. 120-122, 124.)

## II.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

---

aside on the ground that Plaintiff's counsel abandoned him, constituting extraordinary circumstances justifying relief from judgment. Fed. R. Civ. P. 60(b)(6).

³ Pursuant to the order filed on August 17, 2015, Defendant re-served his motion for summary judgment along with the requisite notice of the requirements for opposing the motion on September 3, 2015. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (Docs. 112, 117.)

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines only whether there is a genuine issue for trial. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### III.   Discussion

#### A.   Summary of Parties' Arguments

Defendant moves for summary judgment on Plaintiff's state law tort claims based on Plaintiff's failure to comply with the Government Claims Act, which requires that suit be filed within six months of the rejection of a claim by the Victim Compensation and Governmental Claims Board.[4] (Doc. 1, Comp., p. 34.) In his complaint, Plaintiff alleged compliance with the Government Claims Act and he included a rejection letter for Claim G572345. (*Id.*) During discovery, Plaintiff represented that the only documents and information relating to his compliance with the Government Claims Act were included with his complaint. (Doc. 1, Comp., p. 34; Doc. 97-4, Motion, p. 5:17-20, p. 11, p. 20:26-27:4, p. 25.) The letter pertaining to Claim G572345 was dated and mailed on February 29, 2008, and it informed Plaintiff that his Claim had been rejected on February 21, 2008. (Doc. 1, Comp., p. 34; Doc. 97-4, ¶4.) This rejection triggered Plaintiff's obligation to file suit within six months from February 29, 2008, but he did not file suit for approximately ten months. (Doc. 1, Comp., p. 34.)

In response, Plaintiff does not dispute any of the facts offered by Defendant but he disputes Defendant's legal argument. Plaintiff contends that his state law tort claims should not be dismissed because he invoked section 1983 in this action, the Government Claims Act's claim

---

[4] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

3

presentation requirements do not apply when the Civil Rights Act is invoked, and the statute of limitations governing his section 1983 claim controls.

In reply, Defendant reiterates his entitlement to partial summary judgment on Plaintiffs state law tort claims, and he argues that the Court's exercise of supplemental jurisdiction over Plaintiff's state law claims does not eliminate the requirement that Plaintiff comply with the Government Claims Act as to those claims.

### B.    Applicability of Government Claims Act to State Law Tort Claims

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2. Presentation of a written claim and either action on or rejection of the claim are conditions precedent to suit, *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal.4th 983, 989-90, 289 P.3d 884, 887 (Cal. 2012); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004), and suit must then be commenced not later than six months after the date the written rejection notice was deposited in the mail, Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); *Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999).

The Court has original jurisdiction over Plaintiff's federal constitutional claim and it has supplemental jurisdiction over his state law tort claims because they "are so related" to the federal constitutional claim that "they form the same case or controversy." 28 U.S.C. § 1367(a). While supplemental jurisdiction "is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, (1966)), Plaintiff's argument that the federal court's exercise of supplemental jurisdiction over his state law tort claims eliminates the requirement that he comply with the Government Claims Act is not legally supportable, *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Unlike section

1983, which contains no statute of limitations and is therefore subject to California's two-year statute of limitations for personal injury actions, *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)), California has provided for a specific statute of limitations governing claims brought against public entities or their employees, *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003) (citing *Silva v. Crain*, 169 F.3d 608, 610-11 (9th Cir. 1999)) (Section 945.6 is a special statute of limitations which governs claims under the Government Claims Act). "[T]he intent of the Government Claims Act is not to expand the rights of plaintiffs against government entities but to confine potential governmental liability to rigidly delineated circumstances," and compliance with the Government Claims Act is an element of Plaintiff's state law tort claims which he is required to prove. *DiCampli-Mintz*, 55 Cal.4th at 991, 289 P.3d at 888 (citations and internal quotation marks omitted); *Atchison, Topeka & Santa Fe Ry. Co. v. Stockton Port Dist.*, 140 Cal.App.3d 111, 115, 189 Cal.Rptr. 208 (Cal. Ct. App. 1983); *Chase v. State of California*, 67 Cal.App.3d 808, 812, 136 Cal.Rptr. 833 (Cal. Ct. App. 1977). Accordingly, Plaintiff's argument that the existence of supplemental jurisdiction over his state law claims exempts him from having to comply with the Government Claims Act as to those claims must be rejected. *Karim-Panahi*, 839 F.2d at 637; *see also Survine v. Cottle*, No. CV F 12-1453 LJO JLT, 2013 WL 103576, at *7, 9 (E.D.Cal. Jan. 8, 2013) (plaintiffs' argument that state law fraud claim subject to section 1376(a) supplemental jurisdiction avoids Government Claims Act is "nonsense"); *Creighton v. City of Livingston*, 628 F.Supp.2d 1199, 1224-25 (E.D.Cal. 2009) (plaintiff's supplemental state law claims barred unless he complied with Government Claims Act requirements).

Applying the Government Claims Act provisions, Plaintiff had six months from the date the notice of rejection was mailed to him on February 29, 2008, within which to file suit. Cal. Gov't Code § 945.6(a)(1). Affording Plaintiff the benefit of the prison mailbox rule, he did not file suit until ten months later, on December 29, 2008. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff's state law tort claims are therefore barred by the six month statute of limitations and Defendant is entitled to judgment on that ground.

///

## IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion for partial summary judgment on Plaintiff's state law tort claims, filed on September 30, 2013, be GRANTED, leaving only Plaintiff's Eighth Amendment excessive force claim at issue for settlement or jury trial.[5]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses, if any, are due within **fifteen (15) days** from the date the objections are filed.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2015**                              **/s/ Sheila K. Oberto**
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[5] A settlement conference is scheduled for February 22, 2016.  A trial date has not yet been selected.